You're ready, Counselor. Thank you, Your Honors. Michael Doane on behalf of Melissa Mather Bobka, appellant. I will reserve five minutes on rebuttal. Unlike the last case, this isn't corporation versus corporation. It's the little guy versus the big guy. This is Melissa versus Toyota. In 2016, Melissa came into my office. She had a lot of debt, $98,000 unsecured debt, a couple car loans, no income. She was unemployed, supported by her mother, going through a divorce, three kids. Didn't know what to do. We consulted. We looked at Chapter 7 as being the best option for her. Let's eliminate the debt. Part of that debt was student loans. It would not go away, but at least we can get rid of the bulk of it. Let go of a car, one car she was unsure of. Let's approach that a little differently and see where that goes. We filed Chapter 7, August 31, 2016. In the Chapter 7, we disclosed that she would reaffirm the car strategically. Because if you do that, and if for some reason the court denies it, at least in our district, we get right through, as long as you can comply. There's no requirement that you have to list that you're going to assume the lease or reaffirm it, either or was sufficient. That's what we did. A couple weeks later, still unsure, she contacts Toyota, finds out if she can keep the car, and instead of Toyota sending a reaffirmation agreement, they send out an assumption agreement. That's kind of where all this began. The bankruptcy went through in due course. She got a discharge. All her debt was discharged. There were no non-dischargeable debts under 523, like child support, student loans. Well, there were student loans, fraudulent debts, but the student loans would have been the only non-dischargeable debts. There was no 727A10 waiver of discharge, which requires a court hearing. There was no 524C reaffirmation agreement, which would have waived any of the debts. So we thought all the debts were discharged, and then Toyota began to pursue her under the theory of 365P. Now, 365P has no mention of the discharge whatsoever, except that it provides limited immunity to negotiate an assumption whereby you won't violate the automatic stay under 362, or you will not violate the discharge injunction under 524. It's the only reference to 524 that it has. 524 is the discharge provision of the bankruptcy code. Toyota maintains that 365P waived that discharge. Well, first of all, Melissa never even complied with 365P. If you look at the statutes, there are certain things you've got to do. And if you look at 524, there are certain things you have to do. If you want to reaffirm a debt, you've got to jump... We're grappling in this case with the interpretation and really reconciling two statutes that are not exactly models of clarity. And some courts have viewed the statute the way that you do, but most recent courts haven't. So what is your best argument against the weight of recent authority that have essentially indicated that a 365P assumption, assuming that she validly assumed the lease, which I know you're disputing. But let's make that assumption, and why should it still survive discharge? Well, the most recent decision actually came out in September. I thought I had it here in front of me. From the East Coast, I believe it's Anderson. I'm looking for it here. But in that decision, the judge basically said that 524C and 365P exist independently of each other, and you can have one or the other. And you cannot force 365 on a creditor. But essentially the court said there's no liability. The only time you're going to get liability is if you come back in under 365P, we have a hearing, and I make a ruling that there was a waiver of discharge in that case. And I can provide that site later, but that was, I believe, September 6, just last month. But I don't think we even get there. We don't even have 365P compliance in the first place. Assuming compliance, what's your best argument? Under 365, the creditor has the right to basically reject any request for lease assumption. I guess the question I have is why would any creditor agree to allow a lease assumption under 365 if it didn't create any personal liability that survives bankruptcy discharge? What would the rationale be? I don't know why we're assuming, because the first thing we have to do is find out if there's 365 compliance in the first place. Under 524C, you've got all these... Let's get past that for a moment. I'll give you a chance to... Okay, and I will come back to it. But I'm grappling now with the statutory interpretation. Why would any creditor permit the assumption of a lease if it's going to be discharged through the bankruptcy route? What would the rationale be? In this case, my client failed to comply with 521D. She did not follow through with her statement of intent. 521D immediately allowed the ipso facto provision to engage. Toyota could have picked up the car as soon as the 60-day time frame was up for the trustee not to assume the lease. They didn't. Now, if Toyota is afraid of my client not making payments, they can pick up the car. If Toyota is afraid of my client crashing the car, that's a post-petition claim. If there's excess wear and tear, if there's any post-petition damage, that's not part of the discharge. There is absolutely no prejudice to Toyota in her keeping the car. The only thing they get is a benefit. They get money for a depreciating car that if they tried to sell, they probably would not get 80% of that price. Counsel, can I ask you, you mentioned a few minutes ago, I think it's 365P2C, which says that negotiating the assumption doesn't violate either the automatic stay or the post-discharge injunction. That seems to contemplate that negotiation of an assumption is something you might do after discharge. On your theory where it only becomes effective when you also go through the reaffirmation process under 524C, that's not something you can do after discharge. So I'm wondering, what do you think that part of 365P2C is there for? It doesn't seem to make sense. That's not my theory. I don't know where that came from. And that's the irony of this. I'm sorry, I thought your theory was that just compliance with the assumption process wasn't enough to create an obligation that would survive discharge. You have to go through the reaffirmation process. Assuming doesn't waive discharge. You've got to do something that the code says. The code is very specific. It talks about discharge under 523, 727, 524. It gives codified exceptions to waive the discharge. It's the only way. 365P doesn't even say that. It says the personal liability may be assumed. Not the personal liability, the liability, not even the personal liability, the liability may be assumed. And that's where you get to these zombie reaffirmation agreements that come out of nowhere. So six months after a discharge, that debt has been discharged, no reaff, no waiver, dischargeability, my client behind my back signs a waiver, she doesn't know what it is, or a lease assumption, she doesn't know what it is, and now that debt is non-dischargeable? How does that make sense? How does that protect the consumer? This law that went into effect in 2005, part of it is the Consumer Protection Act. Since then, Newsom's doing laws to protect the consumers. Trump just did the Haven Act. This is bucking the trend. How does that protect the consumer who has no court supervision, no disclosures, no attorney to talk to, and then all of a sudden, after discharge, she creates a non-dischargeable debt? It just does not make sense. So why do you think P2C refers to... It seems to contemplate that this is something you might do after discharge. Why is that there? It's to do exactly what 365P was created in the first place. If you read the title of 365P when BACPA was creating it, and I will quote from Anderson, the title of the section enacting 365P and BACPA legislation was giving debtors the ability to keep leased property by assumption. It wasn't waiving discharge. It was simply to give the debtors an ability to keep a car. Before 2005, there was no such thing as a lease assumption by a debtor. It's an oxymoron. You can't assume something you already have. A trustee can assume it because he doesn't have it. It's on behalf of somebody else. And that's why when a trustee does it, there's a court hearing. Okay, you're going to assume it on behalf of the estate. We've got to protect the creditors. So in every chapter, seven trustees, they need court supervision. 11, 12, 13, 9. You've got to have a court blessing on these assumptions. But then all of a sudden we have this lease assumption after discharge that has no supervision whatsoever, and it now waives the holy grail of the Chapter 7. It just does not make sense. It bucks the trend. It's against the entire congressional intent. You do a Chapter 7, you get a discharge, you move on. There's certain exceptions. Reaffirmation agreement. If you're without an attorney, we're going to have a hearing on it. If your income is upside down, you can't afford it, we're still going to have a hearing on it. There's no policing to protect the consumers in this regard. But again, we don't even get to 365P. There was no compliance. There was no compliance. She basically assumed the lease during that interim to her benefit. So why should we allow her to use it as a sword against the creditor now? I'm going by the code. I'm using the plain meaning of the code. If we're to depart from that, there has to be a reason why. Is it absurd? Does it produce ambiguities? I don't see any. So why are we departing from the plain meaning of the code? If 524 must be strictly followed, if the reaffirmation agreements have to be strictly followed to the T, because they bucked the trend of the fresh start, why are we throwing away these code provisions of 365P which have nothing to do with discharges? It just says the liability will be assumed by the debtor and not the estate. 365P was adopted to give the debtor a chance to keep the car. Wasn't that true? Exactly. And that's what the title says. And when it was adopted, there was no cross-reference to 524? It references 524. It says when you negotiate this after discharge, we're not going to come after you for violating the discharge. That's the only immunity you get. It doesn't say, oh, and by the way, it's also waived. That's a non-dischargeable debt. There's no codification for that whatsoever. Unfortunately, there's not a lot of history behind Congress putting this in here. But the title of it, if you look it up, it's giving debtors the ability to keep lease personal property by assumption. Has nothing to do with discharge. So my client never sent the creditor what's required by 365P, a request in writing. Congress put that in there for a reason. If we're going to throw it out today, why? What's the purpose of it? I put in six reasons why we need that. Mainly to protect my client against ipso facto clauses under 521D and 362H. But why are we throwing out that requirement? Do you want to save the rest of your time? Good morning, Your Honor. It's Perrin Malow, Shepard, Mullen, Richter, and Hampton for Toyota Motor Credit. I had a whole presentation ready to go, and I'll come back to that a little bit. But I do want to touch on an issue that was raised in my adversary's initial presentation. Your Honor asked a very specific question, which is, why would any lessor allow reaffirmation under section 365P under the analysis urged by the debtor? And the answer is they wouldn't. And in fact, there are cases that talk about that. Even Galt, that goes the other way, talks about no one's ever going to do this. And that's confirmed in the amicus brief that was filed in connection with this case by the American Financial Services Association. If this court were to take that position, the rights and remedies, the tools provided to debtors under 365P will effectively go away. And that can't be what's supposed to happen here. There's basically three things I wanted to present to the court today, three points. First, I wanted to talk to you a little bit about Ms. Mather and the fresh start. Because a fresh start is really what a consumer bankruptcy is about, not discharge, a fresh start. The second thing I wanted to talk to you about is the independence and separateness of section 365 and 524. And the third thing I wanted to explain to you is why the Thompson decision upon which the other side relies is just erroneously decided. As the court noted, the overwhelming majority of more recent cases go the other way. And that gets us to another point. I'll digress for a second. The court raised about recent authority and the debtor raised the Anderson decision. I don't have a site for it. I don't know that there's actually a published site for it yet. It's a September 4, 2019 decision out of the Eastern Division of the District of Massachusetts Bankruptcy Court. And the reason that case is important is because that is the exact bankruptcy court where the Crichton case came down 12 years ago. I'm talking about N. Ray Anderson, N. Ray Kevin Anderson. It's case number 19-11221 for the bankruptcy court for the District of Massachusetts. It is, to my knowledge, and I believe Mr. Doan's knowledge, the most recent case to look at this. And it comes down just the same way that Your Honor suggested it would. Let me read you a quote from the decision. I cannot square the holding in Crichton with the requirements of the statutes as discussed above. Lease assumption under 365P2 and reaffirmation under Section 524C are independent procedures. To require a Section 365P2 lease assumption to conform to the strictures of Section 524C reaffirmation would do excessive violence to the statutory scheme, not to mention to the policies underlying the statute. And that's really the whole point. Your Honor, getting back to consumer debtors and what Ms. Mather was trying to do here. The Holy Grail isn't discharge. The Holy Grail is a fresh start. That is part of the package of benefits that the consumer bankruptcy process is supposed to deliver for debtors. But it's not as simple as saying you get to walk away from all your liabilities and all your contractual obligations because that would mean you also have to walk away from all of your assets and contract rights. And that's why the bankruptcy code provides consumers with a whole toolbox that's available to them. In order to get a fresh start through the bankruptcy process, sometimes the debtor needs to, I don't know, keep their home. And that's why you've got Section 524C6B that allows a debtor to reaffirm mortgage debt. And by the way, they get to make that decision to reaffirm their pre-petition mortgage debt without any judicial supervision whatsoever, without any input from a bankruptcy lawyer. That is totally their decision and something they get to decide solely within their discretion. That's because sometimes to get a fresh start, you've got to keep your house. You know what else that toolbox of mechanisms available for debtors includes to allow them to obtain a fresh start? The ability to assume a pre-petition vehicle lease. That is under 365P2. And Mr. Doan is absolutely correct when he states that prior to BAP CPA's passage in 2005, that wasn't a tool that they had, that wasn't a right that a consumer debtor had. That right to assume the pre-petition vehicle lease lies solely with the trustee. But you know what Congress did when they passed BAP CPA? They said, look, let's give people the opportunity to do this if the trustee either affirmatively rejects that lease or just elects not to assume it in a timely manner, I'm going to let the debtor make their own decision to assume that lease if they want to do it. I'm not going to make the lessor accept that, but I'm going to create a procedure and allow them to do it and allow the debtor to do it and allow the debtor to do it any time they want, pre-discharge, post-discharge, it's fine. And that's fine because it doesn't create an obligation of the bankruptcy estate. It doesn't require notice and a hearing and an opportunity for creditors to be heard because it doesn't affect the obligations of the bankruptcy estate. It is by its terms an obligation borne solely by the debtor. One thing it does require, and your friend on the other side pointed this out, is compliance with the procedural requirements of a writing within 30 days, and you didn't comply with all of those requirements. I understand your position to be that those are just to protect the lessor, but doesn't the requirement of a writing also protect the lessee against disputes as to whether they really did assume it or against an improvident assumption? Those are important distinctions, right, about whether or not they actually did assume it. There's no ambiguity. They signed or they didn't sign a written lease assumption agreement, and Ms. Mather did that here. Then you get into the requirements of providing notice in writing, and I think Chief Bankruptcy Judge Laura Taylor hit this one out of the park.  If the lender proceeds and has discussions with a debtor while the case is pending or after the discharge, that debtor is acting, I think her phrase was at its own risk, I would say at their peril. If you have a dishonest debtor who says, I never made a telephone call to Toyota and said I'd like to assume this pre-petition lease. If they say this was really a menacing call threatening me or trying to coerce me to assume this, you can get into some dangerous stuff. You proceed at your peril, but in this case, as Chief Bankruptcy Judge Taylor noted, Bobco was honest. Ms. Mather was honest. She stated, I called to tell them I wanted to keep the car.  Now it's what it did allow in this very case. The amicus and Mr. Doan again today in the context of his big guy, little guy presentation, talks all about pro-per debtors. Let's look at the facts before this case. This isn't a pro-per debtor case. When Ms. Bobco, Ms. Mather contacted Toyota and said, I want to keep my car, they didn't send it to Ms. Bobco. They sent it to her lawyer. She wasn't in pro-per in connection with the appeal to the district court, and she's not in pro-per now. The facts before this case are a zealously competently represented lawyer. Debtor represented by a lawyer. In this case, we don't know what Ms. Mather asked or didn't ask of her lawyer. We don't know what her lawyer did or didn't tell her, but what we know is an assumption agreement went to the lawyer. The lawyer's client signed it and sent it back, and we know that as a result of that, Ms. Mather kept that Toyota 2014 RAV4 for however long she wanted it. And now we have a debtor that's trying to say, yeah, I did keep it. Yeah, I did use it, but I gave it back, and I didn't reaffirm it, so I'm not bound by the terms of the agreement. I'm not bound by 365P. And that just is wrong. If you look at 365P and 524C, the court will know these are independent and separate machinations. The suggestion that you would need to do both in order to bind the parties reads Section 365P out of existence. Congress, we need to presume, knew what it was doing. If 365P was just a subset of 524C, it doesn't need to exist. And in fact, the recent cases where a debtor is trying to get at its pre-petition lease obligations, mostly cases out of the Eastern District of New York Bankruptcy Court, and there's three of them. They file, they lodge a stipulation that says, hey, pursuant to this stipulation, we'll reaffirm that lease. And you know what the bankruptcy courts say? They say no can do. There's not a hearing on this, there's not a motion on it, but I'm not going to sign it anyways, because this is an attempt to assume a pre-petition lease. You need to do that under 365P, and that doesn't require any involvement of this court. So they walk away from it. Look at the literal language of 365P. It talks about the result of that process is that liability under the lease will be assumed by the debtor and not the estate. Either that has meaning or it doesn't. And trying to read it out of the statute makes absolutely no sense. I think this panel earlier asked the question about timing. And the timing issue is just one of two issues that I think notes the potentially anomalous to absurd results that would flow from a decision along the lines of what is requested by the debtor. You have different timing. You can assume a lease under 365P in a post-discharge world. That's why you have 365P2C providing protections for lessors to negotiate cure amounts. You can't do that under 524C. Reaffirmation has to occur before there's entry of a discharge. They are clearly independent. The other issue that we have is separate decision makers. As I noted before, 365P empowers the debtor to make their own decision independently without judicial supervision. And there's sound policy behind that, like I mentioned. It doesn't saddle up the bankruptcy estate. We're giving you your fresh start the way you want it and you want this debt. Fine. It's your choice. But 524C works differently. You need to, if you are represented at the very least, have the debtor's lawyer sign off and say, you know what, I've looked at this and it doesn't impose an undue hardship and it makes sense. Alternatively, if you're improper, you can't do it by yourself. You need to have a motion filed and a bankruptcy judge needs to look at it and confirm that this makes sense for you. And absent those things, you can't have reaffirmation under 524. And that's why we have confirmation that 524 and 365P are separate. Look, I'll wrap up here. The blinking light thing is working for me. Both the Chief Bankruptcy Judge Taylor and Judge Curiel, they got it right here. Their analyses are thorough and detailed and thoughtful. Chief Bankruptcy Judge Taylor, she issued a 25-page decision that went through all this and corrected the mistakes made in the arguments below. That, you know, all reaffirmations have to be approved by the bankruptcy court. No, they don't. All of these things need to work together. No, they don't. What you have to do is reconcile the entire bankruptcy code and that's what she does. It goes to Judge Curiel. She doesn't just rubber stamp this. This isn't a one sentence hereby affirmed. It's a 29-page detailed discussion that goes through all the issues that I've just gone through, all the issues raised in the amicus briefs, all the issues that were addressed in the underlying briefing. At the end of the day, you have a competent, represented debtor who chose to assume this debt, to assume this contract, to accept the benefits. The bankruptcy code does not require, and there is no evidence to suggest that Congress ever intended, for both assumption and reaffirmation to have occurred before there's a binding agreement between the pre-petition lessor and the debtor. That's what Chief Bankruptcy Judge Taylor concluded. That's what Judge Curiel concluded. That's what the overwhelming majority of the recent decisions conclude. And that's what this court should conclude and affirm the decision below. As opposing counsel said, BAP CPA is a mess. It's a nightmare. One court said deciphering this puzzle is like trying to solve a Rubik's cube that arrived with a manufacturer's defect. Another court says making practical sense of this provision is like trying to make as much sense as BAP requires bankruptcy judges to adopt the approach of the White Queen and believe in as many as six impossible things before breakfast. It's a disaster. It goes without saying. We all know that. I'm a bankruptcy specialist. I've done thousands of cases. I've done this for 25 years. And I told my client, there is no liability. This is why you can assume it. There's no waiver. It says the liability under the lease will be assumed by the debtor and not the estate. It's a sentence of possession. They're trying to confirm that the Chapter 7 estate and the trustee are not liable. They're not saying the debtor personally assumed it. They said the liability will be assumed. And there's a big difference between personal liability, which is specifically referenced in 524 under the discharge, and liability here. And for practical matters, we hardly ever do lease assumptions, we hardly ever do reaffirmation agreements, because the auto industry would rather receive their money and do right through how it's always been. And that goes without saying. You can poll any debtor's attorney. But the fact of the matter, this rarely pops up. But what's going to happen now if the decision is affirmed? Every lease out there across America watching the Ninth Circuit is going to unsuspectingly go after a debtor now and say, I need you to sign this lease assumption. I can't send you statements anymore. And then what? Then we have personal liability resurrected from a discharge debt? That's not what Congress intended. There's only a few ways you can get rid of the discharge. They're codified. It's not codified in 365P. I have the side of Anderson, if you would like that. I've got it. Thank you very much, counsel. Both sides for your argument in this case. The matter is submitted.
judges: Nguyen, Vitaliano, Miller